

10-CV-05871-CMP

FILED _____ LODGED
_____ RECEIVED
NOV 2 6 2010
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DE____

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

Rick R. Bowler,
in propria persona, pro se
Marilee J. Thompson,
in propria persona, pro se

        Plaintiff's

Case No. **CV 10 - 5871 RBL**

SUIT FOR DAMAGES TO
BUSINESS AND PROPERTY THROUGH
A PATTERN OF RACKETEERING
ACTIVITY; MAIL FRAUD; PERJURY,

ING DIRECT,
805 Delaware Ave.,
Wilmington, DE 19801
a Racketeer Influenced and Corrupt
Organization under Title 18 U.S.C.
§ 1961; § 1962(c)(d);

ING BANK FSB
1 South Orange St.,
Wilmington DE 19801
a Racketeer Influenced and Corrupt
Organization under Title 18 U.S.C. §
1961; § 1962(c)(d);

LATESSA BROWN, an individual, and an

Page 1
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ˢᵗ Avenue
Camas, Washington 98607
360-901-5520

Officer and/or employee of ING BANK FSB

CAL-WESTERN RECONVEYANCE
CORP. OF WASHINGTON
Successor Trustee for ING BANK FSB
525 E. Main Street,
ElCajon CA 92019
a Racketeer Influenced and Corrupt
Organization under Title 18 U.S.C. §
1961; § 1962(c)(d);

UNISEARCH,INC
Registered Agents for: CAL-WESTERN
RECONVEYANCE CORP. OF
WASHINGTON Successor Trustee for
ING BANK FSB
1780 Barnes Blvd SW
Tumwater, WA 98512-0410
525 E. Main Street,
El Cajon CA 92019
a Racketeer Influenced and Corrupt Organization
under Title 18 U.S.C. § 1961; § 1962(c)(d);

JOHN DOES 1-35

                              Defendants

_____

                              **1.**

    We, Rick R. Bowler, and Marilee J. Thompson appearing in propria persona, pro

se, herewith file the following claims in the above captioned Cause of Action.

                              **2.**

    Plaintiff's claims herein arise under the Racketeer Influenced and Corrupt

Organizations Act of 1970, Title 18 U.S.C. § 1961 - 1968 (RICO), and specifically for

multiple violations of 18 U.S.C. § 1962(c)(d) under the authority of 18 U.S.C. § 1964(c).

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ª Avenue
Camas, Washington 98607
360-901-5520

**3.**
**JURISDICTION**

This Court has jurisdiction, federal question under Title 28 U.S.C. § 1331, and

diversity of citizenship under Title 28 U.S.C. § 1332, and jurisdiction to hear and decide

matters under the Racketeer Influenced and Corrupt Organizations Act of 1970, Title 18

U.S.C. § 1961 – 1968, where I cite as authority:

TAFFLIN v. LEVITT, 493 U.S. 455 (1990)

"To resolve a conflict among the federal appellate courts and state supreme

courts, we granted certiorari limited to the question whether state courts have concurrent

jurisdiction over civil RICO claims. 490 U.S. 1089 (1989). We hold that they do and

accordingly affirm the judgment of the Court of Appeals."

**4.**
PLEADING FORM vs SUBSTANCE

As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se

complaint, "however inartfully pleaded," must be held to "less stringent standards than

formal pleadings drafted by lawyers" and can only be dismissed for failure to state a

claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson,

355 U.S. 41, 45-46 (1957).

"[A] pro se petitioner's pleadings should be liberally construed to

do substantial justice." United States v. Garth, 188 F.3d 99, 108 (3d Cir.

1999).

Page 3
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ˢᵗ Avenue
Camas, Washington 98607
360-901-5520

## 5.
## RICO STATUTES TO BE LIBERALLY CONSTRUED

Section 904 of title IX of Pub. L. 91-452 provided that:

"(a) The provisions of this title [enacting this chapter and

amending sections 1505, 2516, and 2517 of this title] shall be liberally

construed to effectuate its remedial purposes."

## 6.
## BACKGROUND

The Plaintiffs herein in particular, and the people of the United States in general,

have discovered that they have been the victims of predatory lending practices that use

endemic fraud between lenders and mortgage brokers that lenders, such as Defendant

herein ING BANK FSB, use to seek out borrowers for the purpose of packaging and

selling loans to domestic and foreign investors for huge profits. Part of the practice is that

all time tested loan underwriting practices are thrown out the window. Having bundled

thousands of loans into mortgage backed securities transactions, commonly known as

derivatives, performing and non-performing loans get placed into the same bundle. At

first, when a small percentage of those loans defaulted, the lenders would simply replace

them with performing loans. The original Promissory Notes would be assigned and

reassigned every time they were sold and resold.

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

4

**7.**

The original lender (ING BANK FSB) would stay on as "loan servicer" and collect payments for the new owners of the loan. Continuing to make payments to ING Bank FSB gave the false impression that ING Bank FSB was still the owner and holder of the original Promissory Note, but, having been paid off, that was not the case.

**8.**

Over time, the scheme began to fall apart simply because the lenders had an insatiable appetite for loans they could package and sell. Simple mathematics will show that in any given time there is a finite number of qualified borrowers, but the market for selling mortgage backed securities was seemingly infinite. Lenders were running out of qualified borrowers so they would fabricate information on a prospective borrower's income or assets or ignore facts that would otherwise render a borrower too much of a risk.

**9.**

Risk was not a consideration to lenders in that market. They could package junk, put a ribbon on it and sell it. They had their money back and a nice profit so risky loans were not a risk for them, only to those they sold them to in the derivatives market.

**10.**

Plaintiff's herein owned a multimillion dollar home, with a substantial equity surplus, and a very successful real estate development business. Once a suit for $125 million was filed against us, we needed cash to pay lawyers and to run our business.

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ª Avenue
Camas, Washington 98607
360-901-5520

**11.**

Plaintiff's herein were referred to Lighthouse Financial of Vancouver Washington, not named as a Defendant at this time, who arraigned and placed loans with ING Bank FSB, and others. Unbeknownst to us, at the time, Lighthouse Financial would produce false and forged loan documents leaving out derogatory facts and were fabricating false income and asset information for people who in reality did not qualify for a loan. In our own case, Lighthouse Financial had originally inserted incorrect information on our own loan application showing we had assets, like a huge mutual fund, that we did not have. We assumed it was a simple mistake confusing us with another of their applicants and corrected that information. Plaintiff's had no idea that was their common practice. The officers and agents of Lighthouse Financial would later be indicted by the United States for those types of activities.

**12.**

On the loan application Plaintiff's herein supplied to Lighthouse, we disclosed we were involved in a lawsuit Clark County Cause No. 06-2-04312-3. Plaintiff's herein have copies of that application containing that disclosure that was supplied to ING Bank FSB by Lighthouse Financial.

**13.**

Even though the lawsuit was without merit, having a $125 million lawsuit against you will have a disastrous effect on one's ability to do business. Over the four and one half years the suit has been active, what began as a $125 million class action suit,

Page 6
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

6

including $100 million in punitive damages and $25 million in general damages, has evolved into a $25 million suit after the class action was tossed out and the $100 million claim for punitive damages was dropped because punitive damages are not available in Washington state, the plaintiff's in that bogus suit recently reduced their claim to $140,000.00. Most recently, the Plaintiff's in that case proposed to dismiss their case, with prejudice, if we would agree to not sue them. In light of the fact that the people who filed that suit had at first tried to extort from us, and having failed in that attempt, decided to file a huge and bogus lawsuit against us that the sheer weight of it, and the mere passage of time, would financially destroy Plaintiffs herein, we refused to sign such a preposterous settlement agreement.

### 14.

At all times material hereto, ING Bank FSB was well aware of, or should have been well aware of, our plight in light of the lawsuit. Being in the business of assessing risk in the approval of loans, ING BANK FSB was in a much better position than Plaintiffs herein to make an objective and unbiased assessment of our future ability to repay the loan with such a huge lawsuit hanging over us. But ING BANK FSB as a matter of policy intended to sell the loan for profit, so our situation didn't matter, and are now attempting to conceal their crimes against us by instituting a foreclosure on our property when they have no standing to do so. This is a scheme to recover $1.4+ million dollars so they might repay the investors they defrauded through the mechanism of a "short sale" once they're presumably back in title through foreclosure.

Page 7
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

**15.**

On information and belief, a short sale is a method where the Bank sells the foreclosed on property for a fraction of the total mortgage they sold to investors. The short sale provides a portion of the money they owe the investor. The United States makes up the difference between the short sale and the mortgage balance.

**16.**

On information and belief, the problem for ING BANK FSB, and the other named defendants herein, is ING Bank has no standing to foreclose and they are perpetrating a fraud on Plaintiff's herein.

**17.**
## BRIEF STATEMENT OF THE CASE

We, Plaintiffs herein, Rick R. Bowler, and Marilee J. Thompson, charge herein, and will prove at trial, that all Defendants named herein knew from the commencement of their foreclosure action against Plaintiff's is false, fraudulent, and wholly without merit; that Defendants have no standing to foreclose; that ING BANK FSB has been fully repaid by their deceiving investors through the sale of the subject mortgage in packaged mortgage backed securities which ING BANK FSB fraudulently concealed and failed to disclose facts known to them that if disclosed would render the mortgages and notes unsaleable; the foreclosure was fraudulently commenced for unlawful purposes; Plaintiffs will prove at trial that all Defendants named herein committed acts of mail fraud and perjury in furtherance of their scheme to injure Plaintiff's in their business and property; to defraud Plaintiff's herein and unlawfully enrich themselves at Plaintiff's expense.

Page 8
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

*8*

**18.**
## WAYS AND MEANS

On or about February 5, 2008, ING FSB loaned Plaintiff's $1,410,000.00 based upon a Plaintiff's loan application which disclosed Plaintiff's were being sued for $125,000,000.00. In hindsight, it is apparent that Defendant ING was not worried about the effect that law suit would have on Plaintiff's ability to repay the loan because ING intended to package that loan with thousands of others in a mortgage backed securities scheme and sell the loan to unsuspecting foreign or domestic investors, in interstate and foreign commerce resulting in ING fraudulently receiving and accepting payment in full on the original note. At no time material hereto were Plaintiff's informed that ING Bank FSB had made a fraudulent sale of that note and had accepted payment in full.

**19.**

Defendant ING remained involved in the scheme by remaining the "servicer" of the loan so they could hide this fact from Plaintiff's herein and "cook the books" to deceive investors.

**20.**

Once it was decided by the "loan servicer," Defendant ING BANK FSB, to foreclose on Plaintiff's property, Defendant ING needed a straw entity to act as trustee to carry into effect their scheme to wrongfully foreclose on Plaintiff's residence. Defendant ING conspired with Cal-Western Reconveyance Corporation of Washington (hereinafter Cal-Western) to fraudulently act as trustee knowing they were not lawfully qualified to

Page 9
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ˢᵗ Avenue
Camas, Washington 98607
360-901-5520

do so. Under RCW 61.24.010(4), Trustee, qualifications — Cal-Western, is required to have one of their officers be a resident of the State of Washington. The ostensible Trustee, Cal-Western, fails the qualification test of the statute. Cal-Western (UBI Number 601592728) is situated in El Cajon California with no officer being a resident of the state of Washington.

### 21.

Under the state statute, the ostensible "Beneficiary" (owner and holder of the note) is required to provide "proof," under penalty of perjury, to the "qualified" Trustee, that the Beneficiary is indeed the owner/holder of the "original" Promissory Note. Whatever "proof" ING Bank FSB provided was knowingly false and fraudulent intended to defraud and injure Plaintiff's herein.

### 22.

The ostensible "Beneficiary," ING BANK FSB, provided a DECLARATION OF BENEFICIARY PURSUANT TO RCW 61.24.030 to Cal-Western, a company designated as successor trustee, and listed a foreign law firm (and collection agency), unlicensed in Washington State, and named by ING BANK FSB, as "Current Servicer," WELTMAN, WEINBERG & REIS CO., L.P.A. who commenced the foreclosure action. Neither Cal-Western nor Weltman, Weinberg & Reis Co., L.P.A. (hereinafter Weltman) have an officer of the corporation who is a resident of Washington State nor is Weltman registered to do business in this state. This is in direct violation of the statute, RCW 61.24.010(4).

Page 10
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

*10*

**23.**

Further, the DECLARATION purportedly signed by a certain LaTessa Brown,

ostensibly a Foreclosure Associate employed by ING BANK FSB, is not notarized

calling into question the authority and validity of the signature. A cursory investigation

shows that a person purporting to be LaTessa Brown is a signor and contact person on

many, perhaps thousands, published legal notices in several states advertising

foreclosures ostensibly by ING BANK, FSB.  The public has recently been informed of

the "signature mills" being run by Bank of America and Wells Fargo, to name two, which

has brought the validity of hundreds of thousands of foreclosures into question. It

certainly seems that something untoward is also afoot by ING and their collaborators.

**24.**

The fact that the Trustee, Cal-Western, has no corporate officer residing in the

state of Washington; the fact that the DECLARATION of LaTessa Brown is not a sworn

and notarized document, fails the requirements of RCW 61.24.030 and RCW

61.24.010(4), Requisites to trustee's sale, 7(a)and 7(b), "(7)(a), which state, inter alia,

"That, for residential real property, before the notice of trustee's sale is recorded,

transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any

promissory note or other obligation secured by the deed of trust. A declaration by the

beneficiary made under the penalty of perjury stating that the beneficiary is the actual

holder of the promissory note or other obligation secured by the deed of trust shall be

sufficient proof as required under this subsection.

Page 11
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

*11*

(b) Unless the trustee has violated his or her duty under RCW 61.24.010(4), the trustee is entitled to rely on the beneficiary's declaration as evidence of proof required under this subsection."

These violations of the statute(s) render the subject foreclosure action VOID as a matter of law.

**25.**

Further, we have demanded that the ostensible "owner and holder" of the alleged Promissory Note, ING BANK FSB, provide me with a certified "Blue Ink" copy of the note proving they do indeed own and hold the original note. ING BANK FSB has refused to act upon my reasonable request, due to the fact they are not the owners and holder of the note. With the wanton failure to comply with the law, by every person and entity who has been involved in this so-called "foreclosure," Plaintiff's can only conclude that ING BANK FSB sold the original note, packaged together with thousands of others, as Mortgage Backed Securities, commonly known as derivatives, to some consortium of investors who have in turn fraudulently sold it to others with the original documentation being destroyed in the process.

**26.**

Defendant ING has been paid in full; is not the holder of the note as the note has been paid by the defrauded investor(s); ING has defrauded Plaintiff's herein and the investor(s) they sold the packaged mortgaged backed securities.

Page 12
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

12

**27.**

With the intentional failure to comply with the law, by every Defendant who has been involved in this so-called "foreclosure," we can only conclude that ING BANK FSB sold the original note, packaged together with thousands of others, as Mortgage Backed Securities, commonly known as derivatives, to some consortium of investors ING failed to make full disclosure who have in turn sold it to others with the original documentation being intentionally destroyed in the process. Therefore, ING BANK FSB has been paid in full and is not and cannot be the "owner and holder" of the original note which makes this entire exercise a fraudulent scheme to defraud.

**28.**

Therefore, ING BANK FSB has been paid in full and is not and cannot be the "owner and holder" of the original note which makes this entire exercise a fraudulent scheme to defraud.

**29.**

"ING's anticipated claim that it relied on statements made by Lighthouse Financial will not be factual, reasonable, or justified because, among other things, Plaintiff's submitted the application to ING, through Lighthouse Financial pursuant to Lighthouse Financials obligations under the Broker Agreement to disclose where, in this case, the information Plaintiff's provided Lighthouse Financial was more than sufficient to garner a report to ING Bank FSB that : "[t]here are circumstances or conditions with respect to the Loan, the property securing such Loan, the Borrower or the mortgagor or his or her credit standing, as described in writing in their loan application, that might

Page 13
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ˢᵗ Avenue
Camas, Washington 98607
360-901-5520

adversely affect the value or marketability of the Loan or that could reasonably be

expected to cause investors in the secondary mortgage market or private mortgage

insurers, to regard the Loan as unacceptable for prudent investment or to cause the Loan

to become delinquent." i.e. Plaintiff's disclosed in writing in the loan application that

they were being maliciously sued by a lawyer and his wife, and others as a group, for

claimed damages of $125,000,000.00 ($125 million) which exceeded Plaintiff's net

worth by tens of millions of dollars. ING Bank FSB, infinitely more so than Plaintiff's,

knew that the mere existence of such a suit dragging on could destroy or adversely affect

Plaintiff's business therefore affect Plaintiff's ability to repay the loan, but did not

concern itself with that knowledge because they intended to package the loan, with

thousands of others, and fraudulently sell it to some investor for a profit without

disclosing the existence of that law suit. (See Exhibit One)

### 30.
### WHAT BEGINS IN FRAUD, CONTINUES IN FRAUD;
**"No man may benefit from his own wronge doing"** (Lord Edward Coke, cr 1628)

FIRST CAUSE OF ACTION; COUNT 1; Mail Fraud

FIRST CAUSE OF ACTION AGAINST UNISEARCH INC.; NATIONAL

REGISTERED AGENTS, INC.; CAL-WESTERN RECONVEYANCE

CORPORATION OF WASHINGTON; ING DIRECT; ING BANK FSB; LATESSA

BROWN: COUNT 1: MAIL FRAUD, a violation of Title 18 U.S.C. § 1964(c)(d), Title

18 U.S.C. § 1341, and 18 U.S.C. § 2, to wit, the letter of instructions, sent interstate

Page 14
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

14

through the United States Mail, between ING, National Registered Agents, Inc.,

Unisearch Inc., and Cal-Western Reconveyance Corporation of Washington employing

them to commence this foreclosure action was a knowingly false and fraudulent

document knowingly and willfully made to injure Plaintiff's in their business or property.

SECOND CAUSE OF ACTION AGAINST UNISEARCH INC.; NATIONAL

REGISTERED AGENTS, INC.; CAL-WESTERN RECONVEYANCE

CORPORATION OF WASHINGTON; ING DIRECT; ING BANK FSB; LATESSA

BROWN; COUNT 2: Mail Fraud Title 18 U.S.C. § 1341, a violation of Title 18 U.S.C. §

1964(c)(d), Title 18 U.S.C. § 1341, and Title 18 U.S.C. § 2, The letter of on or about May

2010 threatening foreclosure which was created and sent by Defendant ING BANK FSB

falsely representing they had the standing (were the owners and holders of the note) to

foreclose and sent to Plaintiff's herein through the United States Mail, intending that

Plaintiff's falsely believe ING had standing to foreclose.

THIRD CAUSE OF ACTION AGAINST UNISEARCH INC.; NATIONAL

REGISTERED AGENTS, INC.; CAL-WESTERN RECONVEYANCE

CORPORATION OF WASHINGTON; ING DIRECT; ING BANK FSB; LATESSA

BROWN; COUNT 3: Perjury in the first degree, RCW 9A.72.020, CHARGED

AGAINST DEFENDANT ING, and Defendant Latessa Brown, an officer/employee of

ING BANK FSB, in her knowingly false and fraudulent affidavit showing "proof of

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

*15*

standing" as owner/holder of the note produced by Defendant ING and sent to Cal-Western dated May 5, 2010, whereas Defendant Latessa Brown knew ING BANK FSB was not the owner/holder of the Promissory Note/mortgage.

FOURTH CAUSE OF ACTION AGAINST UNISEARCH INC.; NATIONAL REGISTERED AGENTS, INC.; CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON; ING DIRECT; ING BANK FSB; LATESSA BROWN; COUNT 4: Mail Fraud, Title 18 U.S.C. § 1341 Defendant ING BANK FSB using the U.S. Mail to deliver the knowingly false and fraudulent "proof of standing" on May 5, 2010 to Defendant Cal-Western sent interstate through the United States Mail

FIFTH CAUSE OF ACTION AGAINST UNISEARCH INC.; NATIONAL REGISTERED AGENTS, INC.; CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON; ING DIRECT; ING BANK FSB; LATESSA BROWN; COUNT 5: Mail Fraud, Defendants herein using the United States Mail to send the Notice of Trustees Sale to Plaintiff's August 19, 2010 which was a scheme and artifice to defraud Plaintiff's and injure them in their property because at all times material hereto Defendants knew ING BANK FSB had no standing to initiate a foreclosure action against Plaintiff's property.

31.

**THE CONTINUING FRAUD**

Page 16
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520

*16*

On information and belief, the Defendants named herein operate their respective companies as quintessential racketeering enterprises engaged in continuing racketeering activity through the creation of known to be risky loans, represented to be "A" loans, so they may package and sell those loans to unsuspecting domestic and foreign investors. Defendants ING BANK FSB, et al, are experts in banking and economics. ING BANK FSB has access to market and economic trend data even otherwise sophisticated borrowers and investors do not have access to. Therefore, their vast knowledge and experience in these matters allow them the advantage of being able to see downward trends and able to predict which sectors of the economy are most likely to crash and cause their borrowers to default. Having huge numbers of their sold mortgage backed securities becoming worth less and less through nonperforming loans, defrauded private investors and sovereign funds managers put enormous legal pressure on the Banks to reimburse them for their losses. ING BANK FSB, and others, then, through fraudulent paper creation, race to fraudulently foreclose on those properties they no longer own or hold the Mortgage and Note to repay the angry investors they swindled in a manner that allows them to retain the money they were paid for the debt. Under their scheme, only the defrauded property owner and the United States suffer a loss. ING BANK FSB and the other named defendants will continue these illegal schemes until stopped.

//// ////
//// ////
//// ////
Page 17
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ˢᵗ Avenue
Camas, Washington 98607
360-901-5520

## 32.
## PRAYER FOR RELIEF

Under the mandate of 18 U.S.C. 1964(c), inter alia

"Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue there for in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final."

## 33.

The relief Plaintiff's are entitled to under the law, should Defendants named herein fraudulently foreclose on Plaintiff's property, will be determined at trial, but a preliminary analysis of the damages would be the loss of approximately $4,000,000.00 (FOUR MILLION DOLLARS) in equity trebled to $12,000,000.00 DOLLARS (TWELVE MILLION DOLLARS), plus the additional direct damages we have suffered to our business and property as a result of their racketeering activity, and whatever further relief the Court deems just.

Page 18
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ˢᵗ Avenue
Camas, Washington 98607
360-901-5520

*18*

Respectfully submitted this 24th Day of November 2010 under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Rick Roy Bowler, in propria persona, pro se
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520


Marilee J Thompson in propria persona, pro se
1111 SE 201st Avenue
Camas, Washington 98607
360-901-5520


Page 19
ING, ET AL, RICO SUIT

Rick R. Bowler, *in propria persona, pro se*
Marilee J. Thompson, *in propria persona, pro se*
1111 SE 201ᵗ Avenue
Camas, Washington 98607
360-901-5520

*19*

# EXHIBIT 1

**lighthouse**
**financial**
**group**

Casting a light and opening doors to your financial future.

[M] 360.737.3150
[F] 360.737.3347
[TF] 866.737.3150
4001 Main St., Vancouver Wa 98663
lighthousefinancialgroup.com

## Customer RE-DISCLOSURE Letter

Enclosed are the necessary documents that need to be signed, dated and returned. There has been a change in your loan parameters and we are required by Federal and State regulations to provide you the borrower/s the RE-DISCLOSURES to reflect the changes that we discussed. Please complete and return the RE-DISCLOSURE originals ASAP as we can not go forward until we have received this information. If you have questions regarding the information I have provided you please contact me your Loan Specialist at #360-737-3150 ext.# _____ . Thank you

Date of RE-DISCLOSURE mailed/sent to borrower/s: _____

MARILEE THOMPSON
Subject Address: 1111 SE 201ST AVE Camas,WA 98607
Loan Amount: 1,750,000

**EXHIBITS SUBMITTED TO THE BORROWER/S AND THE FOLLOWING ARE: (check marked applied to loan)**

_____ 1008
_____ Form 1003 Uniform Residential Loan Application
_____ Good Faith Estimate
_____ Truth in Lending
_____ Rate Lock Agreement
_____ OTHER:
_____ OTHER:

I/We acknowledged that we have received the disclosures as noted above.

_____        _1-25-08_
Borrower                            Date

_____        _____
Co-Borrower                        Date

_____        _1/25/08_
Sheldon Harmon                     Date sent to borrower/s

21

## I. Borrower and Property Information

| | | |
|---|---|---|
| Borrower Name | MARILEE THOMPSON | SSN  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 |
| Co-Borrower Name | | SSN |
| Property Address | 1111 SE 201ST AVE, Camas, WA 98607 | |

**Property Type**
- ☐ 1 unit
- ☐ 2-4 units
- ☐ Condominium
- ☐ PUD ☐ Co-op
- ☐ Manufactured Housing
  - ☐ Single Wide
  - ☐ Multiwide

**Project Classification**

Freddie Mac / Fannie Mae
- ☐ II Condo / ☐ P Limited Review New ☐ E PUD ☐ 1 Co-op
- ☐ II Condo / ☐ Q Limited Review Est. ☐ F PUD ☐ 2 Co-op
- ☐ I Condo / ☐ R Expedited New
- ☐ S Expedited Est.
- ☐ T Fannie Mae Review
- ☐ U FHA-approved

Project Name _____

**Occupancy Status**
- ☑ Primary Residence
- ☐ Second Home
- ☐ Investment Property

**Additional Property Information**
- Number of Units  1
- Sales Price  $
- Appraised Value  $  2,600,000

**Property Rights**
- ☑ Fee Simple
- ☐ Leasehold

## II. Mortgage Information

**Loan Type**
- ☑ Conventional
- ☐ FHA
- ☐ VA
- ☐ USDA/RHS

**Amortization Type**
- ☑ Fixed-Rate—Monthly Payments
- ☐ Fixed-Rate—Biweekly Payments
- ☐ Balloon
- ☐ ARM (type) _____
- ☐ Other (specify) _____

**Loan Purpose**
- ☐ Purchase
- ☑ Cash-Out Refinance
- ☐ Limited Cash-Out Refinance (Fannie)
- ☐ No Cash-Out Refinance (Freddie)
- ☐ Home Improvement
- ☐ Construction to Permanent

**Lien Position**
- ☑ First Mortgage
- Amount of Subordinate Financing  $ _____
- (If HELOC, include balance and credit limit)
- ☐ Second Mortgage

**Note Information**

| | |
|---|---|
| Original Loan Amount | $  1,750,000 |
| Initial P&I Payment | $  11,486.25 |
| Initial Note Rate | 6.875 % |
| Loan Term (in months) | 360/360 |

**Mortgage Originator**
- ☐ Seller
- ☐ Broker
- ☐ Correspondent

**Buydown**
- ☐ Yes
- ☑ No
- Terms _____

Broker/Correspondent Name and Company Name:

**If Second Mortgage**
- Owner of First Mortgage
  - ☐ Fannie Mae ☐ Freddie Mac
  - ☐ Seller/Other
- Original Loan Amount of First Mortgage

## III. Underwriting Information

| | | |
|---|---|---|
| Underwriter's Name | Appraiser's Name/License # | Appraisal Company Name |

**Stable Monthly Income**

| | Borrower | Co-Borrower | Total |
|---|---|---|---|
| Base Income | $  29,650.00 | $ | $  29,650.00 |
| Other Income | $ | $ | $ |
| Positive Cash Flow (subject property) | $ | $ | $ |
| Total Income | $  29,650.00 | $ | $  29,650.00 |

**Qualifying Ratios**

| | |
|---|---|
| Primary Housing Expense/Income | 33.744 % |
| Total Obligations/Income | 38.385 % |
| Debt-to-Housing Gap Ratio (Freddie) | % |

**Qualifying Rate**
- ☑ Note Rate  6.875 %
- ☐ ___ % Above Note Rate ___ %
- ☐ ___ % Below Note Rate ___ %
- ☐ Bought-Down Rate ___ %
- ☐ Other ___ %

**Risk Assessment**
- ☐ Manual Underwriting
- ☐ AUS
  - ☐ DU ☐ LP ☐ Other _____
  - AUS Recommendation _____
  - DU Case ID/LP AUS Key# _____
  - LP Doc Class (Freddie) _____
- Representative Credit/Indicator Score _____
- **Underwriter Comments**

**Loan-to-Value Ratios**

| | |
|---|---|
| LTV | 70.000 % |
| CLTV/TLTV | 70.000 % |
| HCLTV/HTLTV | % |

**Level of Property Review**
- ☐ Exterior/Interior
- ☐ Exterior Only
- ☐ No Appraisal
- Form Number: _____

**Escrow (T&I)**
- ☑ Yes ☐ No

**Community Lending/Affordable Housing Initiative** ☐ Yes ☑ No
**Home Buyers/Homeownership Education Certificate in file** ☐ Yes ☑ No

**Present Housing Payment:**  $ _____

**Proposed Monthly Payments**

Borrower's Primary Residence

| | |
|---|---|
| First Mortgage P&I | $  11,486.25 |
| Second Mortgage P&I | $ |
| Hazard Insurance | $  180.00 |
| Taxes | $  1,783.22 |
| Mortgage Insurance | $ |
| HOA Fees | $ |
| Lease/Ground Rent | $ |
| Other | $ |
| Total Primary Housing Expense | $  13,379.47 |

**Other Obligations**

| | |
|---|---|
| Negative Cash Flow (subject property) | $ |
| All Other Monthly Payments | $  1,840.00 |
| Total All Monthly Payments | $  15,219.47 |

**Borrower Funds to Close**

| | |
|---|---|
| Required | $ |
| Verified Assets | $ |

Source of Funds _____
No. of Months Reserves _____
Interested Party Contributions _____ %

## IV. Seller, Contract, and Contact Information

| | | |
|---|---|---|
| Seller Name | | Contact Name |
| Seller Address | | Contact Title |
| | | Contact Phone Number _____ ext. ___ |
| Seller No. | Investor Loan No. | |
| Seller Loan No. | | Contact Signature |
| Master Commitment No. | | |
| Contract No. | | Date |

22

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____   Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☐ FHA | ☑ Conventional  ☐ USDA/Rural Housing Service | ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount $ 1,750,000 | Interest Rate 6.875 % | No. of Months 360/360 | Amortization Type: | ☑ Fixed Rate  ☐ GPM | ☐ Other (explain):  ☐ ARM (type): |
|---|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) 1111 SE 201ST AVE, Camas, WA 98607   County: Clark | | No. of Units 1 |
|---|---|---|
| Legal Description of Subject Property (attach description if necessary) | | Year Built |

| Purpose of Loan | ☐ Purchase  ☐ Construction  ☑ Refinance  ☐ Construction-Permanent | ☐ Other (explain): | Property will be: ☑ Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|---|---|

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

**Complete this line if this is a refinance loan.**

| Year Acquired 2005 | Original Cost $ 1,900,000 | Amount Existing Liens $ | Purpose of Refinance Cash-Out/Debt Consolidation | Describe Improvements ☐ made  ☐ to be made  Cost: $ |
|---|---|---|---|---|

| Title will be held in what Name(s) MARILEE THOMPSON RICK BOWLER | Manner in which Title will be held JOINT TENANTS | Estate will be held in: ☑ Fee Simple  ☐ Leasehold (show expiration date) |
|---|---|---|
| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) Equity from Subject Property | | |

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | MARILEE THOMPSON | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number 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 | Home Phone (incl. area code) 360-317-2648 | DOB (mm/dd/yyyy) 07/08/1950 | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|

| ☑ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower) no. ___  ages | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower) no. ___  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☑ Own ☐ Rent 2 No. Yrs. 1111 SE 201ST AVE Camas, WA 98607 | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs. |
|---|---|
| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs. |
|---|---|
| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs. |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp1.frm 09/05

Page 1 of 5

Borrower _____

Co-Borrower _____

Freddie Mac Form 65   07/05

23

## IV. EMPLOYMENT INFORMATION

| Borrower | | Co-Borrower | |
|---|---|---|---|
| Name & Address of Employer ☑ Self Employed<br>ONE PACIFIC CORP<br>315 SE WESTRIDGE BLVD<br>Camas, WA 98607 | Yrs. on this job<br>**22 yr(s)**<br>Yrs. employed in this line of work/profession<br>**22** | Name & Address of Employer ☐ Self Employed | Yrs. on this job<br>Yrs. employed in this line of work/profession |
| Position/Title/Type of Business<br>**OWNER** | Business Phone (incl. area code)<br>**360-254-0779** | Position/Title/Type of Business | Business Phone (incl. area code) |

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

| Borrower | | Co-Borrower | |
|---|---|---|---|
| Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income* | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 39,650.00 | $ | $ 39,650.00 | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | | $ 11,496.25 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 180.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 1,703.22 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 39,650.00 | $ | $ 39,650.00 | Total | $ | $ 13,379.47 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Describe Other Income**   *Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.*

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp2.frm 09/05

Page 2 of 5

Borrower _____
Co-Borrower _____

Freddie Mac Form 65   07/05

24

VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.

Completed ☑ Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | | | |
| | | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| **List checking and savings accounts below** | | Name and address of Company COLUMBIA CREDIT UNION 201ST AVE | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union RIVERVIEW BANK | | | | |
| | 26,757 | Acct. no. 38537302 | * 4,172 | 897,319 |
| Acct. no. 01089100046 | $ 4,173,946 | Name and address of Company RIVERVIEW COMMUNITY BANK 315 SE WESTERIDGE | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union RIVERVIEW BANK | | | | |
| | 266,847 | Acct. no. 110009696 | (1,965) | 246,135 |
| Acct. no. 55000 0273 | $ 13,506 | Name and address of Company FIRST NATIONAL BANK 123 FARM RD | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union CAPITAL PACIFIC BANK | | | | |
| | 16944 | Acct. no. 60000000000006387 | (1,100) | 107,354 |
| Acct. no. 110005295 | $ 28,062 | Name and address of Company COLUMBIA CREDIT | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number description) | $ | | | |
| | | Acct. no. 38537301 | 813 | 14,110 |
| Life insurance net cash value | $ | Name and address of Company FORD CREDIT | $ Payment/Months | $ |
| Face amount: $ | | | | |
| Subtotal Liquid Assets | $ 1,219,907 | Acct. no. | 379 | 12,949 |
| Real estate owned (enter market value from schedule of real estate owned) | $ SEE ATTACHED 5,589,400 | Name and address of Company RIVERVIEW COMM 315 SE WESTERIDGE DR | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. 1001-7070 | (378) | 12,454 |
| Automobiles owned (make and year) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 1,840 | |
| Total Assets a. | $ 6,809,307 | Net Worth (a minus b) ► $ 5,685,663 | Total Liabilities b. | $ 1,123,644 |

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 1111 SE 201ST AVE Camas, WA 98607 | SFR | $ 2,400,000 | $ 696,416 | $ | 4,173 | 1,853 | $ |
| 315 SE WESTERIDGE BV CAMAS, WA | SFR | 850,000 | 249,110 | 1,965 | 1,965 | | |
| FARM HAWLET MN | | 239,400 | 110,894 | 363 | 1,100 | | |
| * See page 5 for the additional properties | Totals | $ 5,589,400 | $ 1,766,419 | $ 2,328 | $ 7,238 | $ 1,853 | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp3.frm 09/05
Page 3 of 5
Borrower
Co-Borrower
Freddie Mac Form 65   07/05

25

## VII. DETAILS OF TRANSACTION

| | | | |
|---|---|---|---|
| a. Purchase price | $ | | |
| b. Alterations, improvements, repairs | | | |
| c. Land (if acquired separately) | | | |
| d. Refinance (incl. debts to be paid off) | 697,319.00 | | |
| e. Estimated prepaid items | 5,469.66 | | |
| f. Estimated closing costs | 13,020.00 | | |
| g. PMI, MIP, Funding Fee | | | |
| h. Discount (if Borrower will pay) | | | |
| i. Total costs (add items a through h) | 715,808.66 | | |
| j. Subordinate financing | | | |
| k. Borrower's closing costs paid by Seller | | | |
| l. Other Credits (explain) | | | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 1,750,000.00 | | |
| n. PMI, MIP, Funding Fee financed | | | |
| o. Loan amount (add m & n) | 1,750,000.00 | | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | -1,034,191.34 | | |

## VIII. DECLARATIONS

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | ☐ | ☑ | ☐ | ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ | ☑ | ☐ | ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☑ | ☐ | ☐ |
| d. Are you a party to a lawsuit? | ☑ | ☐ | ☐ | ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | ☐ | ☑ | ☐ | ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? | ☐ | ☑ | ☐ | ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☑ | ☐ | ☐ |
| h. Is any part of the down payment borrowed? | ☐ | ☑ | ☐ | ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ | ☑ | ☐ | ☐ |
| j. Are you a U. S. citizen? | ☑ | ☐ | ☐ | ☐ |
| k. Are you a permanent resident alien? | ☐ | ☑ | ☐ | ☐ |
| l. Do you intend to occupy the property as your primary residence? | ☑ | ☐ | ☐ | ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ | ☐ | ☐ | ☐ |
| (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 1-25-08 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino   ☑ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American | Race: | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander   ☑ White | | ☐ Native Hawaiian or Other Pacific Islander   ☐ White |
| Sex: | ☑ Female   ☐ Male | Sex: | ☐ Female   ☐ Male |

| To be Completed by Interviewer This application was taken by: | Interviewer's Name (print or type) Sheldon Harmon | Name and Address of Interviewer's Employer LIGHTHOUSE FINANCIAL GROUP-510-MB-23261 |
|---|---|---|
| ☐ Face-to-face interview ☐ Mail ☑ Telephone ☐ Internet | Interviewer's Signature                Date 1/25/08 | 4001 MAIN ST Vancouver, WA 98663 (P) 360-737-3150 |
| | Interviewer's Phone Number (incl. area code) 360-737-3150 | (F) 360-737-3347 |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp4.frm 09/05

Page 4 of 5

Freddie Mac Form 65   07/05

26

01/23/2008   14:39   Lighthouse Financial        (FAX)3607 3 3347        P.008/012

## Continuation Sheet/Residential Loan Application

| | |
|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: **MARILEE THOMPSON** — Agency Case Number: |
| | Co-Borrower: — Lender Case Number: |

### VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **WELLS FARGO BANK** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 217 | 10,639 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **WELLS FARGO BANK** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 165 | 8,941 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **GEMB/JCP** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 102 | 7,570 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **AMEX** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 85 | 4,783 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **THD/CBSD** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 49 | 879 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **BK OF AMERICA** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No.  9792 | 15 | 371 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **BANK OF AMERICA** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No.  8398 | 15 | 30 |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: X _(signature)_ | Date 1-25-08 | Co-Borrower's Signature: X | Date |
|---|---|---|---|

Fannie Mae Form 1003   07/05
CALYX Form 1003 Lnap5ast.frm 9/05

Freddie Mac Form 65   07/05

27

01/25/2008   14:40   Lighthouse Financial                    (FAX)360/5/5547                    P.008/012

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: **MARILEE THOMPSON** | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: |

### VI. ASSETS AND LIABILITIES

**Schedule of Real Estate Owned**

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| ~~WETSERIDGE PLACE LOTS~~ *not* | | ~~800,000~~ | 0 | | 0 | | |
| UNIVERSITY COURTYARD | | 1,500,000 | 700,000 | | | | |
| | | | | | | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: X *Marilee Thompson* | Date 1-25-0Y | Co-Borrower's Signature: X | Date |
|---|---|---|---|

Fannie Mae Form 1003   07/05
CALYX Form Lnap5reo.frm 09/05

Page 5 of 5

Freddie Mac Form 65   07/05

28

**GOOD FAITH ESTIMATE**

| Applicants: | MARLEE THOMPSON | Application No: | THOMPSON, | |
| Property Addr: | 1111 SE 201ST AVE, Camas, WA 98607 | Date Prepared: | 12/27/2007 | |
| Prepared By: | LIGHTHOUSE FINANCIAL GROUP-810-MB-23261   Ph. 360-737-3160 | Loan Program: | | |
| | 4901 MAIN ST, Vancouver, WA 98663 | | | |

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates-actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

Total Loan Amount: $ 1,750,000   Interest Rate: 6.875 %   Term: 360 / 360 mths

| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN | | | PFC S F POC |
|---|---|---|---|---|
| 801 | Loan Origination Fee | | $ | ✓ |
| 802 | Loan Discount | | | ✓ |
| 803 | Appraisal Fee | | 400.00 | |
| 804 | Credit Report | | | ✓ |
| 805 | Lender's Inspection Fee | | | ✓ |
| 808 | Mortgage Broker Fee | 0.500% + $ | 595.00 | 9,345.00 ✓ |
| 809 | Tax Related Service Fee | | | ✓ |
| 810 | Processing Fee | | 495.00 ✓ | |
| 811 | Underwriting Fee | | 625.00 ✓ | |
| 812 | Wire Transfer Fee | | | ✓ |
| | | | | ✓ |
| | | | | ✓ |
| | | | | ✓ |

| 1100 | TITLE CHARGES | | | PFC S F POC |
|---|---|---|---|---|
| 1101 | Closing or Escrow Fee: | to your settlement company | $ | 550.00 ✓ |
| 1105 | Document Preparation Fee | | | |
| 1106 | Notary Fees | | 50.00 | |
| 1107 | Attorney Fees | | | |
| 1108 | Title Insurance: | to your title company | | 1,150.00 |
| | Sub Escrow Fee to your title company | | | |

| 1200 | GOVERNMENT RECORDING & TRANSFER CHARGES | | | PFC S F POC |
|---|---|---|---|---|
| 1201 | Recording Fees: | to your County recorder | $ | 125.00 |
| 1202 | City/County Tax/Stamps: | | | |
| 1203 | State Tax/Stamps: | | | |

| 1300 | ADDITIONAL SETTLEMENT CHARGES | | | PFC S F POC |
|---|---|---|---|---|
| 1302 | Pest Inspection | | | |
| | Consumer loan fees (if any) | | | |

| | | Estimated Closing Costs | 13,020.00 | |

| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | PFC S F POC |
|---|---|---|---|---|
| 901 | Interest for | days @ $ | 334.2014 | per day | $ | ✓ |
| 902 | Mortgage Insurance Premium | | | ✓ |
| 903 | Hazard Insurance Premium | | | |
| 904 | | | | |
| 905 | VA Funding Fee | | | ✓ |

| 1000 | RESERVES DEPOSITED WITH LENDER | | | PFC S F POC |
|---|---|---|---|---|
| 1001 | Hazard Insurance Premium | 2 months @ $ | 180.00 per month | $ | 360.00 |
| 1002 | Mortgage Ins. Premium Reserves | months @ $ | per month | | |
| 1003 | School Tax | months @ $ | per month | | |
| 1004 | Taxes and Assessment Reserves | 3 months @ $ | 1,703.23 per month | | 5,109.69 |
| 1005 | Flood Insurance Reserves | months @ $ | per month | | |
| | | months @ $ | per month | | |
| | | months @ $ | per month | | |

| | | Estimated Prepaid Items/Reserves | 5,469.69 | |

| | TOTAL ESTIMATED SETTLEMENT CHARGES | | 18,489.69 | |

| | COMPENSATION TO BROKER - Not Paid Out of Loan Proceeds | | $ | |
| | 820 Lender Yield Spread Premium Paid to Broker 2.125% = | | 37,187.50 | |

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE | | | TOTAL ESTIMATED MONTHLY PAYMENT | |
|---|---|---|---|---|
| Purchase Price/Payoff (+) | 997,319.00 | New First Mortgage(-) | Principal & Interest | 11,499.35 |
| Loan Amount (-) | 1,750,000.00 | Sub Financing(-) | Other Financing (P & I) | |
| Est. Closing Costs (+) | 13,020.00 | New 2nd Mtg Closing Costs(+) | Hazard Insurance | 180.00 |
| Est. Prepaid Items/Reserves (+) | 5,469.69 | | Real Estate Taxes | 1,703.22 |
| Amount Paid by Seller (-) | | | Mortgage Insurance | |
| | | | Homeowner/Assn. Dues | |
| | | | Other | |

| Total Est. Funds to you | 1,034,191.34 | Total Monthly Payment | 13,376.47 |

☑ This Good Faith Estimate is being provided by LIGHTHOUSE FINANCIAL GROUP-810-MB-23261, a mortgage broker, and no lender has been obtained. These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage banker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of the booklet "Settlement Costs," and if applicable the Consumer Handbook on ARM Mortgages.

_MARILEE THOMPSON_   1-25-08
Applicant   Date   Applicant   Date

Calyx Form gfe.frm 11/01

29

**lighthouse
financial
group**

*Casting a light and opening doors to your financial future.*

[P] 360. .3347
[F] 360. .3347
[TF] 866.737.3150
4001 Main St., Vancouver Wa 98663
lighthousefinancialgroup.com

### Rate Lock-in Agreement Disclosure Form

Borrower understands that quoted rates reflect the currently available lending rate only. RATES CHANGE WITHOUT NOTICE. THERE IS NO RATE GUARANTEE FOR UNLOCKED LOANS. A LOAN IS NOT LOCKED UNTIL AN AGREEMENT HAS BEEN ACHIEVED BETWEEN THE MORTGAGE BROKER AND A SPECIFIC LENDING INSTITUTION, AND THE BORROWER HAS ENTERED INTO A SIGNED LOCK AGREEMENT WITH THE MORTGAGE BROKER. A locked loan is assigned a specific expiration period within which time the borrower must not only sign the documents, but the loan must fund. The lender's decision to make a loan is based on numerous factors, many of which are outside of the mortgage broker's control. Your loan cannot be closed until it has been underwritten, approved, and properly documented. We will strive to obtain all of the required information so that a lending determination can be made, and the loan funded within the lock-in period. However, neither the mortgage broker nor the lender IS OBLIGATED TO MAKE A LOAN TO YOU.

We have chosen NOT TO LOCK our loan, and we understand that our RATE IS SUBJECT TO CHANGE without notification. If we choose to lock-in rate subsequent to this disclosure, we will be delivered a Rate Lock Agreement/Disclosure within three (3) days of the agreement, including Saturdays, along with another copy of this disclosure.

    *Borrower(s) initials _____*     _____

I/We have Chosen TO LOCK our loan, and have completed a Rate Lock Agreement/Disclosure with the mortgage broker.

    *Borrower (s) initials _____*     _____

If I/We have paid a fee in conjunction with this interest rate lock, the conditions for refund of such fee will be contained in the Rate Lock Agreement/Disclosure Form signed by me/us.

    *Borrower (s) initials _____*     _____

### DFI MODEL RATE LOCK AGREEMENT/DISCLOSURE FORM

Lighthouse Financial Group, is please to confirm a rate on your mortgage loan subject to the terms and conditions in the agreement, Lighthouse Financial Group has negotiated your lock with one of our lender relationships. Lighthouse Financial Group makes no warranties for the lender regarding the lender's ability or willingness to deliver such lock. The lock is facilitated by an agreement between Lighthouse Financial Group and the lender. The cost, terms, duration, and conditions of the lock-in agreement are detailed below.

MARILEE THOMPSON
1111 SE 201ST AVE Camas WA 98607

Loan Amount: $1,750,000    Loan Type:Conv/ First    Loan Program:/360
           (Fixed, ARM, HELOC, lien position, etc.)      (Frequency of ARM, etc)

**TERMS**
Interest Rate 6.875   Discount Points __0__   Loan Fee $ __9840__    Lock-in Fee $ 0.00
                                  (Total Fee to Broker)
Lock Date 1|10|08   Lock Days (#) 15    This lock-in agreement will expire on (date) 1/25/08

Special lock-in options are as follow:_____
**CONDITIONS**
The above lock-in terms are valid until the expiration date shown above. Your loan must close and fund (disbursement of funds by the lender) by the expiration date. In the event that your loan does not fund on or before the lock expiration date, the loan must be re-locked at the "higher of" the previous lock price or current scheduled pricing using the same lock option. A re-lock is not automatic upon expiration. In some cases the loan program under which you are locked may be discontinued by the lender subsequent to expiration of the lock.
**REFUND OF LOCK-IN FEE**
           Your lock-in fee _____is __X____is NOT refundable. If refundable, see conditions below.

           Conditions for refund of the lock-in fee: _Zero_____

I/We understand and agree to the terms contained in the lock-in agreement.

_____        Date 1-25-08
MARILEE THOMPSON

_____        Date_____

_____        Date 1/25/08
Loan Representative

# TRUTH-IN-LENDING DISCLOSURE STATEMENT

## (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| | |
|---|---|
| Applicants: **MARILEE THOMPSON** | Prepared By: **LIGHTHOUSE FINANCIAL GROUP-810-MB-23261** |
| | **4001 MAIN ST** |
| Property Address: **1111 SE 201ST AVE** | **Vancouver, WA 98662** |
| **Camas, WA 98607** | **360-727-3150** |
| Application No: **THOMPSON, MARILEE** | Date Prepared: 12/27/2007 |

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | AMOUNT FINANCED The amount of credit provided to you or on your behalf | TOTAL OF PAYMENTS The amount you will have paid after making all payments as scheduled |
|---|---|---|---|
| 6.938 % | $ 2,399,878.37 | $ 1,738,785.00 | $ 4,138,683.37 |

☐ REQUIRED DEPOSIT:  The annual percentage rate does not take into account your required deposit.

PAYMENTS:  Your payment schedule will be:

| Number of Payments | Amount of Payments | Monthly Beginning: | | Monthly Beginning: | | Monthly Beginning: |
|---|---|---|---|---|---|---|
| 359 | 11,496.25 | | | | | |
| 1 | 11,801.82 | | | | | |

☐ DEMAND FEATURE:  This obligation has a demand feature.

☐ VARIABLE RATE FEATURE:  This loan contains a variable rate feature.  A variable rate disclosure has been provided earlier.

CREDIT LIFE/CREDIT DISABILITY:  Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature |
|---|---|---|
| Credit Life | | I want credit life insurance.                 Signature: |
| Credit Disability | | I want credit disability insurance.         Signature: |
| Credit Life and Disability | | I want credit life and disability insurance.  Signature: |

INSURANCE:  The following insurance is required to obtain credit:

☐ Credit life insurance   ☐ Credit disability   ☐ Property insurance   ☐ Flood insurance

You may obtain the insurance from anyone you want that is acceptable to creditor

☐ If you purchase   ☐ property   ☐ flood insurance from creditor you will pay $ _____ for a one year term.

SECURITY:  You are giving a security interest in:

☑ The goods or property being purchased   ☐ Real property you already own.

FILING FEES: $ _____

LATE CHARGE:  If a payment is more than   15 days late, you will be charged   5.000 % of the payment.

PREPAYMENT:  If you pay off early, you

☑ may   ☐ will not   have to pay a penalty.

☐ may   ☑ will not   be entitled to a refund of part of the finance charge.

ASSUMPTION:  Someone buying your property

☐ may   ☐ may, subject to conditions   ☐ may not   assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties

☐ * means an estimate   ☑ all dates and numerical disclosures except the late payment disclosures are estimates.

* * NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

| | | |
|---|---|---|
| _Marilee Thompson_   1-25-08 | | |
| MARILEE THOMPSON   (Applicant)   (Date) | | (Applicant)   (Date) |
| | | |
| (Applicant)   (Date) | | (Applicant)   (Date) |
| | | |
| (Lender)   (Date) | | |

Calyx Form - til.hp (09/06)

# Real Estate Spreadsheet

The following are our real estate holdings as included in our financial statement dated: 06/30/07

| Property Name / Street Address / City & State | Title Vesting In The Name Of: | Percent of Ownership | Property Description | Present Market Value | Property Details | Holder Of Mortgage / Account Number | Account Balance | Equity | Monthly Rental Income | Monthly Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. Port Real Estate Corporation One Pacific Corporation | Marilee and Rick | 100% | Real Estate Brokerage & Development Corporations | $ 3,000,000 | 1120 corporations Port Real Estate One Pacific | N/A | $ - | $ 3,000,000 | none | none |
| 2. 192nd Ave Station | 192nd Ave, Station, LLC Marilee and Rick | 100% | Retail / Hotel Development (Appraisal) | $ 8,440,000 | Joint venture on west 5.5 acres plus 10.35a east | Riverview Bank | $ 3,065,209 | $ 5,374,791 | none | none |
| 3. Centerpointe II | Centerpointe II LLC Marilee and Rick | 100% | Office Land (Estimate) | $ 580,000 | 1.1 Acre Office building land Centerpointe | Bay Bank | $ 443,500 | 136,500 | none | none |
| 4. Eastgrove Townhomes | Eastgrove, LLC Marilee and Rick | 100% | Townhouses (Appraisal) | $ 2,250,000 / $ 1,725,000 | six completed units / 23 vacant lots | Liberty Bank / Capital Pacific Bank | $ 1,914,000 / $ 1,042,000 | 336,000 / 779,858 | sales / none |  |
| 5. Ambiance @Camas Meadows | Long Drive, LLC Marilee and Rick | 100% | Mixed use project (Appraisal) | $ 2,936,373 / $ 5,872,747 | 13.48 Acres / Office park land | Columbia Credit Union / Vanport Manufacturing | $ 1,500,000 / $ 2,700,000 | 1,536,513 / 3,073,026 | none / none |  |
| 6. Two Creeks @Camas Meadows | Pacific Links, LLC Marilee and Rick | 100% | Condominiums (Appraisal) | $ 7,000,000 / $ 13,700,000 / $ 12,385,000 / 650,000 | 10 finished units / 19 shell units / 91 finished lots / Clubhouse | Columbia Credit Union / Columbia Credit Union / Vanport Manufacturing | $ 5,800,000 / $ 10,800,000 / $ 6,300,000 | 1,200,000 / 2,800,000 / 6,085,000 | sales / sales / none |  |
| 7. The Crossing | Three Js & H, LLC Marilee and Rick | 100% | Apartment Land (Appraisal) | $ 5,500,000 | apartment land - 7.46A | Liberty Bank | $ 3,289,658 | $ 2,210,342 | none | none |
| 8. University Courtyard | Marilee/One Pacific | 100% | Apartment Land (Assessment) (Sales comps) | $ 1,500,000 | apartment land-5A | Tri-Talent Funding | $ 700,000 | 800,000 | none | none |
| 10. Westridge Place | Marilee/One Pacific | 100% | Office (Assessment/Comps) | $ 650,000 | house for sale | Riverview Bank | $ 247,100 | 402,900 | 1,965 |  |
| 12. Hebranson Hostel | Marilee/Cheri | 100% | Residence | $ 239,400 | secondary residence | Bank of Hawley | $ 108,000 | 131,400 | 1,100 |  |
| 13. 1111 SE 201St. Ave | Marilee/Rick | 100% | Residence (Appraisal) | $ 2,500,000 | primary residence | Columbia Credit Union | $ 705,270 | 1,694,730 | 4,200 |  |
| Totals |  |  |  | $ 68,829,520 |  |  | $ 38,714,737 | NET $ 30,213,783 |  |  |

Marilee S. Thompson    January 25, 2008

Rick R. Bowler    January 25, 2008

hp fax 1240

Log for
One Pacific Corp 3602547855 -- 1/25/2008 5:17PM

Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| 01/25 | 05:12p | Fax Sent | 7373347 | 4:43 | 13 | OK |

*33*