HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK R. BOWLER and MARILEE J. THOMPSON,<br><br>      Plaintiffs,<br><br>  v.<br><br>ING DIRECT et al.,<br><br>      Defendants. | No. 3:10-cv-05871-RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

  THIS MATTER comes before the Court on Defendants' Motion to Dismiss [Dkt. #40] for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction. Plaintiffs Rick R. Bowler and Marilee J. Thompson (now deceased) contend Defendants ING Direct, ING Bank FSB, LaTessa Brown, and Cal-Western Reconveyance Corporation of Washington (collectively, Defendants or ING) (1) violated the Racketeering and Corrupt Organizations Act (RICO); (2) committed mail fraud; and (3) committed perjury throughout the course of a loan arrangement that ended in foreclosure. Because the Plaintiffs have failed to state a claim upon which relief can be granted, the Court GRANTS Defendants' Motion to Dismiss [Dkt. #40] pursuant to Rule 12(b)(6).

ORDER - 1

## I. BACKGROUND

Mr. Bowler and Ms. Thompson, appearing pro se, are victims of the subprime mortgage crisis.  In 2008, Plaintiffs secured a loan in the amount of $1,410,000 against real property located at 1111 Southeast 201st Avenue in Camas, Washington.  Pls.' Compl. at 9 [Dkt. #1]; Defs.' Mot. at 2 [Dkt. #40].  Lighthouse Financial Group (Lighthouse) prepared the loan application and, unbeknownst to Plaintiffs or to ING, produced false loan documents to inflate Plaintiffs' borrowing capacity.  Defs.' Mot. at 3 [Dkt. #40].  The loan application did disclose, however, that Plaintiffs were defending a multi-million dollar class action law suit at the time. Pls.' Compl. at 9 [Dkt. #1].  ING lent Plaintiffs the full amount and recorded a Deed of Trust against the property.  Defs.' Mot. at 2 [Dkt. #40].

When Plaintiffs fell behind in payments, Cal-Western (a foreclosure service) initiated foreclosure on the collateral property.  Plaintiffs have demanded that ING produce the original "Blue Ink" promissory note.  Pls.' Compl. at 12 [Dkt. #1].  Because ING has refused, Plaintiffs conclude ING repackaged the mortgage into a mortgage-backed security and sold the loan to an investor.  Pls.' Mot. at 9 [Dkt. #1].  Plaintiffs now allege endemic fraud and conspiracy between lenders and mortgage brokers; specifically, they contend ING violated RICO and federal mail fraud statutes.

## II. AUTHORITY

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content

ORDER - 2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  In addition, allegations of fraud must be pled with particularity, meaning a plaintiff must allege "the time, place, and nature of the . . . fraudulent activities."  Fed. R. Civ. P. 9(b); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).  RICO claims involving predicate acts based on fraud, including mail fraud, are subject to these heightened pleading requirements. *Rotella v. Wood*, 528 U.S. 549, 560 (2000).

While Plaintiffs erroneously cite *Conley v. Gibson*, 355 U.S. 41 (1957), since abrogated by *Twombly* and *Iqbal*, the Court of Appeals for the Ninth Circuit has concluded "pro se complaints should continue to be liberally construed." *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).

### III. ANALYSIS

RICO prohibits "any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  An unlawful debt is one that is incurred through illegal gambling or one that is unenforceable under state or federal usury laws,

18 U.S.C. § 1961(6); because Plaintiffs do not allege either of these circumstances, they presumably rely on a "pattern of racketeering activity."

The pattern of racketeering activity, or predicate act, that Plaintiffs indentify is mail fraud.  Even liberally construing the complaint, there simply are not sufficient facts to demonstrate a colorable argument for mail fraud under the heightened pleading requirements of Rule 9.  Plaintiffs cite three specific mailings concerning the foreclosure action: (1) a May 2010 letter from ING threatening foreclosure; (2) a "proof of standing" sent by ING to Cal-Western; and (3) an unidentified April 2010 Notice of Trustee Sale . *See* Pls.' Compl. at 14–16 [Dkt. #1]. While Plaintiffs have identified three specific instances of mail, there are no specific facts tending to show a "scheme or artifice to defraud" on the part of ING.  18 U.S.C. § 1341.  Instead, Plaintiffs point to systemic fraud in the U.S. mortgage industry.  *See* Pls.' Compl. [Dkt. #1]. Moreover, even if ING were to bundle and sell the loan, the Deed of Trust expressly states the promissory note may be assigned.  Defs.' Mot. at 9 [Dkt. #40].

Plaintiffs' next argument is that ING does not, in fact, own the note and therefore cannot foreclose on the property.  Washington law requires a trustee to "have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust," but a trustee is not required to produce an original promissory note in order to prove ownership.  *See* Wash. Rev. Code § 61.24.030(7)(a) (a declaration by the beneficiary may suffice).  The fact that ING has not produced the original promissory note is not evidence that the note has been sold or transferred.  *See Bern v. Wells Fargo Bank, N.A.*, No. C10–1701JLR, 2011 WL 1561799, at *2 (W.D. Wash. Apr. 22, 2011) ("Courts have routinely held [a claimant's] 'show me the note' argument lacks merit.") (citation omitted); *Wallis v. Indymac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010) (same).

Finally, Plaintiffs' perjury claim lacks merit and must be dismissed outright. In anticipation of future litigation, the Court also concludes LaTessa Brown, at least under the facts presented here, lacks personal jurisdiction in the State of Washington. Plaintiffs have failed to demonstrate Ms. Brown has been personally served in Washington, or that she has purposely availed herself of jurisdiction in Washington, or that she has sufficient contacts with Washington to warrant personal jurisdiction.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [Dkt. #40] is GRANTED pursuant to Rule 12(b)(6). Plaintiffs' Complaint [Dkt. #1] is dismissed without prejudice.

**IT IS SO ORDERED**

DATED this 30th day of April, 2012

Ronald B. Leighton
United States District Judge